## W. A. LYONS *v.* THE STATE.

1. ASSAULT WITH INTENT TO MURDER — INDICTMENT. — Malice aforethought is sufficiently charged, in an indictment for assault to murder, if the assault is alleged to have been made with malice aforethought, and the intent to kill and murder is subsequently charged.

2. CONTINUANCE. — Even though the application for a continuance discloses sufficient diligence, if the evidence expected from the absent witness is manifestly untrue, the continuance should not be granted.

3. EVIDENCE. — Under an indictment for assault with intent to murder, it was not error to admit evidence to the effect that the assaulted party was an officer.

APPEAL from the District Court of Bell. Tried below before the Hon. L. C. ALEXANDER.

The indictment charged the appellant with an assault with intent to murder J. T. Halbert, in Bell County, on the thirty-first day of March, 1880. The trial resulted in a verdict of guilty, and the penalty assessed was two years in the penitentiary.

*Boyd & Holman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The appellant was convicted of an assault to murder. In the case three points are, by the record and brief of appellant, presented : 1. The sufficiency of the indictment. 2. The action of the court below in overruling appellant's application for continuance. 3. The admission of improper evidence over objections of defendant.

1. The indictment is objected to on the ground that it is not alleged that the intent to " kill and murder " was attended with malice aforethought. The indictment charges that the *assault* was made with malice aforethought, and then alleges the intent to kill and murder. This is perfectly correct ; for it is impossible to assault a party with malice aforethought, with intent to kill, without being guilty of assault to murder. The objections to the indictment are not well taken.

2. Was there error in overruling appellant's application to continue? It may be conceded, for the sake of the argument, that the diligence used by appellant was sufficient ; still, testing the merits of the application by the facts adduced on the trial, it is evident the facts alleged in the application are wanting of probability. So crushing and overwhelming are the facts, in conflict with their truth, that no reasonable mind could even conceive the slightest

probability of their ever having existed. The court below did not err in overruling the application to continue.

3. Over the objection of the appellant, the State proved that the party assaulted was an officer. This is complained of by appellant, upon the ground that the indictment does not charge that fact. This is a prosecution for assault to murder, and the appellant was convicted for that offence. This being the case, was it necessary, in order to prove that the assaulted party was an officer, for it to have been alleged in the indictment? Not at all. Upon that proposition, under this character of case, the authorities are almost a unit. The court did not err in admitting this evidence.

The charge of the court is a most excellent exposition and application of the law to the case made by the facts. The evidence fully supports the verdict of the jury. The judgment being in all things correct, it must be affirmed.

*Affirmed.*